**Roland John Thomas WEBER,
Petitioner–Appellant,**

v.

**A.C. NEWLAND, Respondent–Appellee.**

No. 00–15424.

D.C. No. CV–98–00389–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2001.\*

Decided Aug. 1, 2001.

Sneed, Circuit Judge, filed a concurring opinion.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SNEED, and SKOPIL, Circuit Judges.

### MEMORANDUM **

California state prisoner Weber appeals pro se from the district court's denial of his habeas corpus petition. The district court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction over Weber's timely filed appeal pursuant to 28 U.S.C. § 2253(a). We affirm.

■ The district court ordered a certificate of appealability on eight issues. The first is an alleged violation of the right to a speedy trial. Weber raises the violation of state statutory requirements for holding preliminary hearings and trials. Standing alone as here, these claims are not cognizable in habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

The second issue is Weber's contention that his right to self-representation was violated when his pro se status was revoked. However, the case on which Weber places primary reliance, *Faretta v. Cali-*

*fornia*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), allows the trial judge to terminate self-representation based upon conduct such as Weber's. *Id.* at 834 n. 46.

■ The third issue, which pertains to an evidentiary issue (spontaneous declaration or excited utterance), is not cognizable on federal habeas corpus. *Estelle*, 502 U.S. at 67–68.

■ The fourth issue involves an alleged confrontation cause violation. The trial court denied an evidentiary hearing and the right to cross-examination of Winter about a "deal" with the prosecution. But Weber made no showing or offer of proof of a "deal." See *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curiam).

■ The fifth issue deals with jury instructions, but instructions on state law are not cognizable on federal habeas corpus. *Estelle*, 502 U.S. at 67–68.

The sixth issue raises the question whether cumulated errors violated a due process right. This challenge is completely without merit. Weber has not shown he was denied a fair trial.

■ The seventh issue attacks the failure of the trial court to strike a prior offense because his plea to a 1989 offense was invalid. This claim is not cognizable on federal habeas corpus, *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 1574, 149 L.Ed.2d 608 (2001), because he raised the issue on direct appeal but failed to pursue available collateral remedies.

■ The eighth issue challenges his sentence, but violation of state sentencing law is not cognizable on federal habeas

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**694**

corpus. *Estelle,* 502 U.S. at 67–68; *Watts v. Bonneville,* 879 F.2d 685, 687 (9th Cir. 1989).

AFFIRMED.

SNEED, Circuit Judge, concurring.

I concur in the result reached by Judges Wallace and Skopil. To aid those who might be interested in this disposition, a sketch of the relevant facts follows.

This case involves two separate incidents of violence committed by Roland Weber in the summer of 1994. Near the end of June, Weber hit Leslie Winters in the head several times with a baseball bat. As Winters attempted to flee, Weber told him that he was going to kill him. Several days later, Weber walked around a trailer home with a large handgun tucked in the waistband of his pants, threatened to shoot the trailer home inhabitant's dog, and then shot two rounds in the direction of Keith Hendrix. One of the shots hit Hendrix in the leg.

In connection with the Winters incident, Weber was charged with assault with a deadly weapon by means of force likely to produce great bodily injury, and with dissuading a witness. For the Hendrix incident, Weber was also charged with assault with a firearm with a personal firearm use enhancement, and possession of a firearm. Two prior prison terms were alleged under California Penal Code § 667.5(b), and one was stricken.

Weber appeals pro se from the district court's denial of his habeas corpus petition. For the reasons stated in the majority disposition, none of Weber's claims have merit.